**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 16-22918-SCOLA

JAIME RAFAEL BENITO RINCON,
and all others similarly situated under 29 U.S.C. 216(b)

                  Plaintiff,

v.

GARDEN APARTMENTS, INC. and
ALEXANDER ABEL DAOUD

                Defendants.

_____/

**GARDEN APARTMENTS, INC.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO COMPLAINT**

The Defendant, GARDEN APARTMENTS, INC. (hereinafter "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and responds to each numbered paragraph as follows:

1.      Paragraph 1 of the Complaint is denied.

2.      The Defendant is without knowledge regarding the allegations of Paragraph 2, and thus, the allegations are denied.

3.      Paragraph 3 of the Complaint, as phrased, is denied.

4.      Paragraph 4 is denied.

5.      Paragraph 5 of the Complaint, as phrased, is denied.

6.      Paragraph 6 of the Complaint, as phrased, is denied.

7.      Paragraph 7 is denied.

1

8.      Paragraph 8 fails to contain allegations, and therefore, is denied.

9.      Paragraph 9 of the Complaint, as phrased, is denied.

10.     Paragraph 10 of the Complaint, as phrased, is denied.

11.     Paragraph 11 of the Complaint is denied.

12.     Paragraph 12 is denied.

13.     Paragraph 13 is denied.

14.     Paragraph 14 is denied.

15.     As to Paragraph 15, as phrased, is denied.

16.     Paragraph 16 of the Complaint is denied.

The Defendant denies the Plaintiff is entitled to any of the relief sought in the "Wherefore" clause immediately following Paragraph 16.

## DEFENDANT, GARDEN APARTMENTS, INC.'S AFFIRMATIVE DEFENSES:

### FIRST DEFENSE

Plaintiff's claims are barred to the extent that he has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant corporation is not a "covered enterprise" under the FLSA.

### THIRD DEFENSE

Plaintiff's claims are barred, at least in part, to the extent that the statute of limitations under the FLSA applies, 29 U.S.C. § 255.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands, waiver, and/or estoppel, including that the Plaintiff failed to mitigate his damages by failing to insure that his alleged employer knew or should have known work was being performed.

### FIFTH DEFENSE

Plaintiff may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

### SIXTH DEFENSE

Plaintiff's claims are restricted and/or eradicated to the extent that he took breaks longer than twenty (20) minutes while working, and such break time is not compensable, including lunch breaks taken by the Plaintiff.

### SEVENTH DEFENSE

Plaintiff's damages claims are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, to the extent that the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in certain activities that were preliminary or postliminary to his principal activities.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that he is covered by the exemptions, exclusions, exceptions, and credits provided by the FLSA, 29 U.S.C. §§ 207, 213.

**TENTH DEFENSE**

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in certain activities that were noncompensable, such as waiting for rides, walking, riding, or traveling to the Plaintiff's actual place of performance.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred to the extent that he did not work more than forty (40) hours in one (1) workweek, was compensated at or in excess of the proper minimum wage rate, and/or was properly compensated for all of the hours worked.

**TWELFTH DEFENSE**

Plaintiff's claims are barred by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent that all actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**THIRTEENTH DEFENSE**

Some or all of the purported claims in the Complaint are barred to the extent that the time for which compensation is sought is *de minimis*, and therefore is not compensable.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that certain monies paid to Plaintiff constitute a set-off to any overtime allegedly owed to Plaintiff.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred to the extent that the Defendant did not know, and should not have reasonably known, that overtime was being worked by Plaintiff, to the extent that any overtime was worked which was not paid.

**SIXTEENTH DEFENSE**

To the extent that Plaintiff was not individually engaged in commerce or in the production of goods for commerce, and was not employed by an enterprise engaged in the production of goods for commerce, Plaintiff's claims are barred. Additionally, Plaintiff is barred from asserting FLSA individual coverage to the extent that Plaintiff failed to properly plead it within his Complaint.

**SEVENTEENTH DEFENSE**

There are no similarly situated persons to the Plaintiff.

**RESERVATION OF AFFIRMATIVE DEFENSES**

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

**JURY DEMAND**

The Defendant demands a jury trial.

WHEREFORE, Defendant, having fully answered the Complaint and having raised legal defenses thereto, requests that this action be dismissed with prejudice, in its entirety, and that Defendant be awarded costs and reasonable attorneys' fees.

5

Respectfully submitted,

BOBER & BOBER, P.A.
1930 Tyler St.
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com
Attorneys for Defendant, Garden Apartments, Inc.

By: /s. Peter Bober_____
        PETER BOBER
        FBN:  0122955
        SAMARA ROBBINS BOBER
        FBN: 0156248

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     s/. Peter Bober_____

6

## SERVICE LIST

J.H. Zidell, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax:(305)865-7167
zabogado@aol.com
Attorney for Plaintiff